IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS DAN DEARMOND                                                            PLAINTIFF


v.                                    CIVIL NO. 20-2218


KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                 DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Chris Dan Dearmond, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on February 3, 2018, alleging an inability to work since January 1, 2014,[2] due to neuropathy in both legs and feet; and Charcot in the left foot with arthritis. (Tr. 81, 185).  An administrative hearing was held on December 5, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 26-67).

By written decision dated April 24, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the administrative hearing held on December 5, 2019, Plaintiff, through his counsel, amended his alleged onset date to May 20, 2015. (Tr. 11, 41).

1

Specifically, the ALJ found Plaintiff had the following severe impairments: seronegative rheumatoid arthritis, osteoarthritis, Charcot arthropathy, inflammatory polyarthropathy, diffuse sensory motor polyneuropathy, bilateral tibialis posterior dysfunction, chronic obstructive pulmonary disease (COPD), obesity, and hypertension. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 14).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except he can lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk up to 4 hours and sit up to 6 hours out of an 8-hour workday, occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, and crawl, and frequently, but not constantly, reach, handle, and finger bilaterally, and he must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, poor ventilation, and hazards.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a sales and operations vice president. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 8, 2020. (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (ECF. No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 8). Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 17-19).

Plaintiff argues the following issues on appeal: 1) the ALJ's RFC finding overstates Plaintiff's abilities; and 2) Plaintiff cannot perform his past relevant work. (ECF No. 17). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). A review of the record revealed that during the time period in question Plaintiff was able to take care of his personal hygiene, prepare simple meals, perform household chores with breaks, mow on a riding tractor with breaks, and visit with others at church and their homes.  While Plaintiff testified he had not been on a motorcycle in three years (Tr. 43), the record revealed that in April of 2019, Plaintiff reported to Dr. Russell Branum that his main hobby was riding a motorcycle; and in July of 2019, Plaintiff indicated he continued to maintain his sixty acres. (Tr. 525, 532).

The record further supports the ALJ's determination that Plaintiff could perform his past relevant work as a sales and operations vice president. (Tr. 18). At Step Four, the ALJ determines whether Plaintiff can return to his past relevant work by comparing Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work. 20 C.F.R. § 404.1520(e). Plaintiff argues the ALJ ignored the fact that Plaintiff testified that he lifted up to fifty pounds, at times, while he was working as the vice president from the time period of 2012-2015. When questioned by the ALJ about the lifting requirements, Plaintiff testified that he was not required to lift for his job but sometimes lifted items anyway. (Tr. 54). Plaintiff also testified that he had memory problems; however, a review of the record consistently indicated Plaintiff had normal memory. (Tr. 446, 475, 483).  After reviewing the record as a whole, the Court finds substantial evidence in

the record to support the ALJ's determination that Plaintiff could perform his past relevant work as a sales and operations vice president.

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 20th day of October 2021.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE